UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05cv315

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT LEE ALLISON ) | **RESTRAINING ORDER** |
| LESLIE RENAE HOLLIFIELD ALLISON ) | **AND INJUNCTION** |
| ) | |
| ) | |
| <u>IN RE</u>: UNITED STATES v. 59 POPLAR ) | |
| DRIVE, MARION, NORTH CAROLINA ) | |
| ) | |
| Defendant. | |

This matter having come before this Court on the motion of the United States of America for entry of a Restraining Order and Injunction pursuant to 18 U.S.C. § 983(j), which provides the Court with jurisdiction to enter "a restraining order or injunction" and to "take such other action" in connection with any property or other interest subject to civil forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

Through the Complaint for Forfeiture in Rem, incorporated herein, filed by the United States on October 14, 2005, the United States has established probable cause that the real property at 59 Poplar Drive, Marion, North Carolina, being 1.279 acres, more or less, and more particularly described in a deed recorded at Book 824, Page 763, in the McDowell County, North Carolina, Land Registry, is proceeds of, or was used or intended to be used to facilitate, violations of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* and is therefore

"subject to forfeiture" to the United States pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981; and

Through the same Complaint, the United States has established that ROBERT LEE ALLISON and LESLIE RENAE HOLLIFIELD ALLISON are the current owners and current occupants and residents of 59 Poplar Drive, Marion, North Carolina.

This Court has jurisdiction of the subject matter of this case, and over the parties.

There is a need to preserve the property until the final disposition of this case.

The need to preserve the property outweighs the hardship on any party against whom the order is entered.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j) THAT:

1. The real property, with all fixities, appurtenances, improvements, and attachments, including all structures and the grounds and yard, at 59 Poplar Drive, Marion, North Carolina, is RESTRAINED.

2. ROBERT LEE ALLISON and LESLIE RENAE HOLLIFIELD ALLISON, and his and her and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with him for him, are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of or removal of the property from the jurisdiction of this Court, without prior approval of the Court upon notice to the United States and an opportunity for the United States to

be heard, except as specified in this Order.

3. ROBERT LEE ALLISON and LESLIE RENAE HOLLIFIELD ALLISON are ENJOINED from knowingly allowing any illegal activity to occur at the defendant property during the pendency of this civil forfeiture action.

4. ROBERT LEE ALLISON and LESLIE RENAE HOLLIFIELD ALLISON are ordered to do the following with respect to the defendant property: 1) take all reasonable precautions to prevent the destruction or diminution in value of the defendant real property and any fixtures thereto; 2) maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate; 3) continue to make timely mortgage payments to keep the mortgage current; 4) maintain fire, flood, and hazard insurance on the property; 5) ensure that all property taxes are paid on time and do not become delinquent; 6) neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the defendant property, without authority of the court, for the purpose of impairing or defeating the court's continuing *in rem* jurisdiction over said property, in violation of 18 U.S.C. § 2232(b).

5. In the event that any person desires to transfer, convey, liquidate or encumber any restrained property and if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the government. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual

property.

6. If any of the above-described property has been transferred or disposed of by any means, ROBERT LEE ALLISON and LESLIE RENAE HOLLIFIELD ALLISON shall account to the Court for the disposition and location of the property. Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

7. Upon a determination by the Court or the United States Attorney that a satisfactory performance bond has been executed to secure the ability of the United States to recover in the event of forfeiture, property otherwise restrained by this Order will be released from restraint, pursuant to 18 U.S.C. § 983(j)(1).

8. This Restraining Order and Injunction shall continue in full effect as to those properties until further order of the Court pursuant to Title 18, United States Code, Section 983(j).

IT IS FURTHERED ORDERED that the United States may monitor potential claimants' compliance with this Order by all lawful means available.

Dated this 25th day of Oct 2005.

_Graham C. Mullen_
Chief U.S. District JUDGE